PEPPER v. ROGERS.

(Circuit Court, D. Massachusetts. April 18, 1905.)

No. 1,789.

DOCUMENTARY EVIDENCE—REMOVAL FOR USE IN ANOTHER DISTRICT—POWER OF COURT.

A federal court has no power to order an examiner appointed to take testimony in an equity case to remove to another district, for use there in examining witnesses, books and documents which have been produced before him by witnesses within the district, obedient to subpoenas duces tecum, and which are merely in his custody temporarily by courtesy.

In Equity. On motion for order directing the removal of documentary evidence to another district for use in examining witnesses there.

See 128 Fed. 987.

Whipple, Sears & Ogden, for complainant.
Boyd B. Jones, for various gas companies.

PUTNAM, Circuit Judge. This case is at issue on bill, answer, and replication. An examiner has been appointed to take proofs, not only in this district, but in other districts, including the Southern District of New York, the appointment being by agreement of parties. The examiner has been taking some proofs in New York, but the proceeding there has been suspended, awaiting the result of this motion. The examiner has also taken sundry proofs in the District of Massachusetts, and, in the course of the taking of the same, sundry witnesses, officers of various corporations, have produced before him certain corporate books and documents, which the complainant desires to use in the Southern District of New York, in connection with completing the examination of witnesses there, urging that the books and documents referred to, produced in this district, are in the custody of the examiner. The examiner is willing to take the responsibility and care of transferring the same to the Southern District of New York, and the complainant applies for an order of this court directing such transfer to be made.

The corporations referred to appear and object to the granting of the order, both because they urge that the court has no power in the premises, and also because, they say, if the court has the power, it should not, under the circumstances, use its discretion in that behalf.

The complainant admits that he finds no precedent for his application, and the court is compelled to observe that it knows of none. The complainant relies on several decisions where orders have been made with reference to the production of books out of the district on an accounting before masters. These orders, however, are in accordance with the well-settled practice in equity, and with rule 77. He also cites Chaplin v. Puttick (1898) 2 Q. B. 100; but this case is entirely apart from the question before us. It related to the transfer of a mere album in litigation, which the court claimed itself to be authorized to take into its own possession. Very possibly this court might make an analogous order about a specific piece of property which was in litigation in equity; but in Chaplin v. Puttick the opinion expressly referred, for authority to make the transfer, to the standing orders of the Supreme Court, which, we must assume, were within the jurisdiction of that court to make. These orders and the practice in reference to them will be found given at length in the Annual Practice of the Supreme Court. Chaplin v. Puttick, therefore, furnishes no analogy which would sustain us in granting the present litigation.

As the books and documents referred to were produced under subpœnas duces tecum, they are in the care of the examiner only by courtesy, and temporarily. They are not so in his possession as to give him or the court any general authority over them. The powers of this court with reference to witnesses and their books and documents are hedged in on every side, as is thoroughly ex-

plained in the careful opinion of Judge Colt in Dancel v. Goodyear Shoe Machinery Company (C. C.) 128 Fed. 753. So far as we are advised, we have no power to grant the application; and

The clerk will enter an order that the same is denied.